No. 89.—Jane Davidson *et al.* plaintiffs in error, *vs.* Carter & Ritch, defendants in error.

[1.] On the trial of a *scire facias* against the principal and his securities upon a bail bond, the defendants are not entitled to a Jury trial, unless they file such an issuable plea as will require the intervention of a Jury to try it.

[2.] When it appears, on the face of the record, that there was a competent number of Jurors to render a verdict, such verdict may be signed by one as Foreman, in behalf of himself and his fellow Jurors.

[3.] Where the names of the securities to a bail bond were inserted in the first part of the bond, and signed by them, but their names were omitted in the condition of the bond : *Held,* that such omission in the condition of the bond, did not alter the legal effect of the instrument.

[4.] Where an affidavit to hold to bail, stated that the plaintiff *claimed* a certain sum to be due him from the defendant : *Held,* that such an affidavit was a substantial compliance with the 13th section of the Judiciary Act of 1799.

*Scire facias,* in Murray Superior Court. Decided by Judge John H. Lumpkin, April Term, 1851.

The facts of this case are as follows: Carter & Ritch had issued bail process against one Charles B. Word, and Jane Davidson and James M. Owen, the plaintiffs in error, had become his sureties. Word having failed to appear, the plaintiffs, after judgment obtained, issued *scire facias* to charge his sureties with the debt.

The defendants filed two pleas—

1st. That there was no such bond as the one sued on.

2d. That there was no such record as that described in the *scire facias*.

And, on the filing of these pleas, moved the Court to pass the case till the second term, to be then tried by a Jury. This motion was refused.

Plaintiff then offered in evidence the verdict and judgment against Word, which was objected to, on the ground that the verdict was not signed by the Jury, but only by one person, calling himself Foreman. This objection was overruled, and the evidence admitted.

Plaintiffs then tendered the bond of defendants for the appearance of Word. Defendants objected, on the ground that the names of the sureties did not appear in the condition of the bond, which read as follows : " Now, if the said Charles B. Word, in case he is cast in said suit, shall well and truly satisfy the condemnation of the Court, or render his body to prison, in execution of the same, in terms of the law in such case made and provided, and upon failure thereof, *the said* ——— will do it for him, then the above obligation to be void, else to remain in full force ;" which objection was overruled by the Court.

The plaintiffs then tendered the affidavit of their attorney, made to obtain the bail process, which stated, " he claims the sum of forty-nine dollars and twenty-three cents, besides interest, to be due the said Carter & Ritch," &c.

To this defendants objected, on the ground that the affiant does not state that the sum claimed is due ; which was overruled by the Court, and the evidence admitted. The Court then gave judgment for plaintiffs, and the defendants excepted to the several decisions above stated.

MARTIN, for plaintiff in error.

AKIN, for defendant.

*By the Court*—WARNER, J. delivering the opinion.

[1.] The first objection is, that the Court below overruled the defendant's plea, and gave judgment at the first term, without the intervention of a Jury. In *Reed vs. Sullivan*, (1 *Kelly*, 292,) we held, that if the defendant filed such an issuable plea as required the intervention of a Jury, he was entitled to a Jury trial. The two pleas filed by the defendants in this case were not such issuable pleas as required the intervention of a Jury. The first plea is a plea of *non est factum*, and under the provisions of our Judiciary Act of 1799, ought to have been supported by an affidavit of the truth thereof, which does not appear to have been done, and the Court below properly overruled it as a valid ground

of defence. The second plea is a plea of *nul tril record*, which was very properly decided by the Court, upon an *inspection* of the record; for a record is of too high a nature to be tried by a Jury, or in any other way than by itself. 3 *Bl. Com.* 331. *Gould's Pleading*, 313, §17.

[2.] The next objection is, that the verdict of the Jury, rendered in the original suit, was not signed by all the Jurors, but only by one, describing himself as *Foreman.* That the record should show upon its face there was a competent number of Jurors to render a verdict, is unquestionably true; but that is not the objection here. This verdict is signed by the Foreman for himself and his fellow Jurors, in accordance with the uniform practice of our Courts.

[3.] The defendants also objected to the bond when tendered in evidence, because the names of the securities were omitted in the *condition* of the bond. The names of the securities were inserted in the first part of the bond, and the omission of their names in the condition does not, in our judgment, alter the legal effect of the instrument. The objection to the bond was, therefore, properly overruled by the Court below.

[4.] Another objection was made to the affidavit to hold the defendant in the original suit to bail. The affidavit was made by the attorney of the plaintiffs, who stated therein, that " he claims the sum of forty-nine dollars and twenty-three cents, besides interest, to be due the said Carter & Ritch, from Charles B. Word, of said County, by a promissory note," &c. The objection is, that the deponent swears that he " *claims*" the sum of forty-nine dollars and twenty-three cents, besides interest, to be due the said Carter & Ritch, from Charles B. Word; whereas, it is contended the affidavit should have stated positively, that such sum was due, without saying he *claimed* it to be due. The Statute requires that the plaintiff should make oath of the amount *claimed* by him, &c. *Prince*, 422. The affidavit was made according to the requisitions of the Statute, and, therefore, a good affidavit to hold the original defendant to bail.

Let the judgment of the Court below be affirmed.